# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YAN BASHKIN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | No. 06 C 2518 |
| ) | |
| PETER D. KEISLER et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Two motions are before the court: (1) defendants' motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6); and (2) plaintiffs' motion to dismiss their complaint as moot and to vacate our September 20, 2007 opinion.  For the reasons explained below, defendants' motion is denied as moot and plaintiffs' motion is granted in part and denied in part.

**BACKGROUND**

The parties agree that this case should be dismissed but do not agree upon what grounds.  Plaintiffs are lawful permanent residents of the United States who applied to be naturalized as United States citizens.  Their six-count complaint, filed individually and on behalf of a putative class of similarly situated applicants, alleges, *inter alia*, that defendants unreasonably delayed adjudicating their applications.  After plaintiffs filed their original complaint in May 2006, several of

the named plaintiffs were voluntarily dismissed after USCIS adjudicated their applications. We permitted plaintiffs to file a Third Amended Complaint to join additional plaintiffs prior to ruling on defendants' motion to dismiss. On September 20, 2007, we granted defendants' motion and dismissed plaintiffs' complaint without prejudice, giving plaintiffs until November 12, 2007 to file an amended complaint or else we would dismiss the case with prejudice. See Antonishin v. Keisler, No. 06 CV 2518, 2007 WL 2788841 (N.D. Ill. Sept. 20, 2007). After plaintiffs filed their Fourth Amended Complaint,[1] but before defendants renewed their motion to dismiss, all of the named plaintiffs' applications were adjudicated. (See Loutas Decl., attached to Defs.' Renewed Mot. to Dismiss Pls.' Fourth Amended Compl. under Fed. R. Civ. P. 12, (hereinafter "Defs.' Mot."), ¶ 4.) Plaintiffs have elected not to request leave to join additional named plaintiffs, and now move to dismiss this case as moot and to vacate our September 20, 2007 opinion and order. (See Mem. in Opp'n to Govt.'s Mot. to Dismiss and in Support of Pls.' Mot. to Dismiss as Moot and to Vacate the Court's Opinion, (hereinafter, "Pls.' Mem.").) Defendants contend that only Count VI, in which the named plaintiffs ask us to adjudicate their applications pursuant to 8 U.S.C. § 1447(b), is moot. (See Defs.' Mot. at 3.) They argue that, applying the

---

[1] We effectively granted leave to file the complaint one day late after defendants failed to object when the new complaint was filed on November 13, 2008.

reasoning of our September 20, 2007 opinion, we should dismiss the remaining counts for failure to state a claim. (Id. at 2-3.)

**DISCUSSION**

**A. Whether by Adjudicating Plaintiffs' Applications Defendants Have Mooted Plaintiffs' Class-Based Claims**

Defendants argue that the class-based claims are not moot because "they have already been dismissed for failure to state a claim; consequently, those claims cannot become moot by defendants' actions." (Defs.' Reply in Supp. of Mot. to Dismiss and Opp'n to Pls.' Mot. to Dismiss as Moot and to Vacate the Court's Sept. 20, 2007 Op. (hereinafter, "Defs.' Reply") at 4.) This argument ignores the fact that plaintiffs have filed a Fourth Amended Complaint. See Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). While that complaint may not contain much in the way of "new" allegations, it is the operative complaint in this litigation and we have not yet ruled whether it states a non-speculative claim for relief. Before we can address the substance of plaintiffs' complaint, we must first determine whether there is still a live controversy between the parties. See Hall v. Beals, 396 U.S. 45, 48 (1969) (A live controversy must exist "if we are to avoid advisory opinions on abstract propositions of law.").

"A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir. 1994). With certain exceptions not applicable to this case — in which no class has been certified and no motion for certification is pending — this principle also applies to class actions. Banks v. Nat'l Collegiate Athletic Assn., 977 F.2d 1081, 1085 (7th Cir. 1992). In Banks, the plaintiff challenged NCAA rules prohibiting athletes from resuming their college careers after entering a professional draft and/or hiring an agent. Id. at 1084. Banks sought a preliminary injunction prohibiting the NCAA from enforcing these rules so that he could be reinstated for the 1990 football season. Id. The trial court denied his request, effectively ending his bid to be reinstated because the following season fell outside of Banks' five-year window of athletic eligibility. Id. at 1084 n.4. He nevertheless sought to enjoin the "no-draft" and "no-agent" rules on behalf of a class of similarly situated student athletes. Id. at 1085. The Court ruled that the five-year eligibility rule prevented him from having "a personal stake in whether the NCAA continue[d] to enforce its no-draft and no-agent rules." Id. Because Banks was no longer a member of the class, and there was "no class certification ruling to appeal," his class-based claims were moot. Id. at 1086.

Applying <u>Banks</u>, we conclude that plaintiffs no longer have a personal interest in the injunctive relief sought on behalf of the putative class. Because their applications have been adjudicated, they no longer have a personal interest in compelling the defendants to adjudicate applications and criminal background checks in a timely manner (Counts I-III). Nor do they have a personal interest in preventing USCIS from enforcing its name-check rule (Count IV), which is a component of the adjudication process. And although plaintiffs have not requested any specific relief in conjunction with their Fifth Amendment equal protection claim (Count V), injunctive relief for that alleged violation is foreclosed for the same reasons. However, neither party addresses plaintiffs' request for damages. (<u>See</u> Pl. Compl. at 22, ¶ E.) A plaintiff may continue to pursue compensatory damages — which are "quintessentially backward looking," <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 282 (1994) — even after his claim for injunctive relief has become moot. <u>See, e.g.</u>, <u>Brown v. Bartholomew Consol. School Corp.</u>, 442 F.3d 588, 596 (7th Cir. 2006); <u>Banks</u>, 977 F.2d at 1086 n.7.[2] Sovereign immunity protects the Department of Homeland Security, the USCIS, the FBI and their officers — acting in their

---

[2] <u>See also</u> <u>Intrepid v. Pollock</u>, 907 F.2d 1125, 1131 (Fed. Cir. 1990) ("[A]lthough subsequent acts may moot a request for particular relief or a count, the constitutional requirement of a case or controversy may be supplied by the availability of other relief.").

official capacity — from claims for money damages.[3]  Small v. Chao, 398 F.3d 894, 897 (7th Cir. 2005) (federal agency protected by sovereign immunity); Sterling v. United States, 85 F.3d 1225, 1228-29 (7th Cir. 1996) (sovereign immunity extends to federal employees acting in their official capacity).  We are skeptical that plaintiffs could establish that the government had waived sovereign immunity in this context,[4] but in any event, by filing their motion to dismiss we understand that plaintiffs intend to abandon their claim for damages.  We conclude that plaintiffs no longer have a personal interest in the outcome of this lawsuit.

**B.  Whether Vacatur is Mandated or Warranted**

Plaintiffs contend that, because this case is moot, the Supreme Court's decision in United States v. Munsingwear, 340 U.S. 36 (1950) compels us to vacate our September 20, 2007 decision.  In dicta,[5] the Munsingwear Court observed:

---

[3]  None of the individual defendants is being sued in his or her individual capacity.  Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[4]  Plaintiffs cite several statutory and constitutional bases for relief in their complaint, none of which support the contention that the defendants have waived their immunity to suits for money damages. See Czerkies v. U.S. Dept. of Labor, 73 F.3d 1435, 1438 (7th Cir. 1996) (APA: "The Administrative Procedure Act waives the federal government's sovereign immunity from actions seeking judicial review of federal administrative decisions, provided the action is not one for 'money damages.'") (quoting APA, 5 U.S.C. § 702); Coggeshall Development Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989) (Mandamus Act: "The provisions of 28 U.S.C. § 1361 creating the federal mandamus action do not constitute a waiver of sovereign immunity by the United States."); Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982) (Constitution: "The Constitution does not waive the Government's sovereign immunity in a suit for damages.").

[5]  In Munsingwear, the government did not file a motion to vacate the district court's decision dismissing its claim after its appeal of that decision became moot.  340 U.S. at 40.  The district court then held that its unreviewed

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. . . . That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.

340 U.S. at 39. Later, in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, the Supreme Court "[stood] by Munsingwear's dictum that mootness by happenstance provides sufficient reason to vacate." 513 U.S. 18, 25 n.3 (1994). At the same time, the Court emphasized that it is the burden of the party "seeking relief from the status quo" to establish "equitable entitlement to the extraordinary remedy of vacatur." Id. at 26. In evaluating a motion to vacate, the court must balance the litigant's private interest against the public's interest in judicial precedents, which are "valuable to the legal community as a whole" and "should stand unless a court concludes that the public interest would be served by vacatur." Id. at 26-27 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U. S. Philips Corp., 510 U.S. 27, 40 (1993)). Neither Munsingwear nor U.S. Bancorp controls the disposition of a case mooted *prior* to appeal. Our authority to vacate our own rulings is derived from Rule 60(b), not the statute authorizing

---

decision was res judicata in a related suit. Id. at 37. The Supreme Court affirmed this decision, concluding that the government had, by failing to file a motion to vacate the district court's judgment, "slept on its rights." Id. at 41. It was in this context that the Court discussed its practice of vacating lower court judgments in cases that become moot on their way to the Supreme Court. Id. at 39.

appellate vacatur. Cf. 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review . . . ."). Nevertheless, we believe that Munsingwear and U.S. Bancorp are instructive. See Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 117 (4th Cir. 2000) (Concluding that the appellate and district court vacatur power, though derived from different sources, should be governed by the same standards.).

Plaintiffs' claims for injunctive relief became moot through no fault of their own. See U.S. Bancorp, 513 U.S. 18, 25 n.3. On the other hand, their claim for damages, which they have voluntarily abandoned, could have supported a justiciable controversy even if it was unlikely that damages were legally available. See Liberles v. Cook County, 709 F.2d 1122, 1127 (7th Cir. 1983) ("A claim may become moot when the plaintiff receives the relief sought or when it is factually, not legally, impossible to receive such relief."). In any event, the consequences of this case becoming moot — whether they arose by "happenstance" or otherwise — are negligible given the procedural posture of this case. The Munsingwear Court was concerned that an unreviewed decision would have preclusive effect in future litigation between parties. 340 U.S. at 40 (Vacatur "clears the path for future relitigation of the issues between the parties."); see also In re

Smith, 964 F.2d 636, 638 (7th Cir. 1992) ("We vacate unappealable decisions, to prevent them from having a preclusive effect."). We doubt that another court would give preclusive effect to our interlocutory decision dismissing plaintiffs' complaint without prejudice.[6] Moreover, the issue is largely academic with respect to the 17 plaintiffs who were naturalized as United States citizens. (See Loutas Decl. ¶4.) We do not believe that the remote prospect of further litigation between these plaintiffs and the defendants warrants the extraordinary remedy of vacatur. See, e.g., Westmoreland v. Nat'l Transp. Safety Bd., 833 F.2d 1461, 1463 (11th Cir. 1987) ("Since we have thus concluded there is an insufficient showing that the administrative order will have any real continuing effect on Westmoreland, it would be incongruous for this Court to apply Munsingwear and Mechling [dealing with vacatur of unreviewed agency decisions] and vacate the order."). Only plaintiff Ismail Suleiman's naturalization application was denied. (See Loutas Decl. ¶4.) If he reapplied (and we are not aware of any impediment to his doing so), he may face the same delays that

---

[6]/ Compare Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) ("'[D]ismissal ... without prejudice' is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect."), and Lynk v. LaPorte Superior Court No. 2, 789 F.2d 554, 566 (7th Cir. 1984) (Observing in dicta that, "by definition," neither res judicata nor collateral estoppel arise from a dismissal without prejudice.), with Employees Own Federal Credit Union v. City of Defiance, Ohio, 752 F.2d 243, 245 (6th Cir. 1985) (concluding that a state court decision dismissing the plaintiffs' complaint without prejudice was sufficiently final to preclude relitigating identical issues in a later federal suit). Employees is distinguishable insofar as the plaintiff in that case voluntarily dismissed its complaint, preventing any final judgment from being entered. Id.

he sought to challenge in this lawsuit. Although we do not believe that our prior decision would foreclose Mr. Suleiman's opportunity to challenge these delays a second time, we will vacate our decision as to him to settle the matter conclusively.

Turning to the public interest factor, plaintiffs argue that we granted defendants' motion to dismiss prematurely. (Pl. Mem. at 11.) It would be unfair, they suggest, if third parties — including the hundreds of applicants litigating similar issues in other courts — were affected by our decision. We are not persuaded that our ruling was premature or incorrect — this is effectively plaintiffs' third bite at the apple (we previously denied their motion to reconsider) — and we see no reason to undercut whatever persuasive value it may have. See In re Memorial Hospital of Iowa County, Inc., 862 F.2d 1299, 1302 (7th Cir. 1988) (Although a vacated decision is still "available to read," its significance is "cloud[ed] and diminish[ed]."); see also In re Smith, 964 F.2d at 638 ("We do not vacate opinions, to prevent them from having a precedential effect."). While we agree with plaintiffs that other courts and litigants are interested in the matters addressed in our September 20, 2007 opinion,[7] this only strengthens our view that

---

[7] Cf. Valero Terrestrial, 211 F.3d at 121 (Concluding that public interest in the district court's declaratory judgment order was weak where the "statutory provisions that were declared unconstitutional either no longer exist or have been substantially revised, and there is no suggestion of their likely reenactment. . . .").

our decision should be left intact.  Vacatur is granted as to Mr. Suleiman, and denied as to the remaining plaintiffs.

**CONCLUSION**

Defendants' Renewed Motion to Dismiss Plaintiffs/ Petitioners' Fourth Amended Complaint Under Fed. R. Civ. P. 12 (82) is denied as moot.  Plaintiffs' Motion to Dismiss as Moot and to Vacate the Court's September 20, 2007 Opinion (86) is denied in part and granted in part.  Plaintiffs' case is dismissed with prejudice as moot, and our September 20, 2007 opinion and order is vacated as to plaintiff Ismail Suleiman, only.

DATE:    June 13, 2008

ENTER:   _____
         John F. Grady, United States District Judge